UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARTIN ORBACH and PHILLIP SEGO, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>  v.<br><br>J&J SNACK FOODS CORP,<br><br>      Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT** |

Plaintiffs Martin Orbach and Phillip Sego ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant J&J Snack Foods Corp. ("J&J" or "Defendant"). Plaintiffs make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to the allegations specifically pertaining to themselves, which are based on personal knowledge.

## NATURE OF THE ACTION

1. This is a class action lawsuit on behalf of purchasers of 6- fluid ounce cups of Luigi's Real Italian Ice Cherry Flavor, Luigi's Real Italian Ice Chocolate Flavor, Luigi's Real Italian Ice Mango Flavor, Luigi's Real Italian Ice Cotton Candy Flavor, Luigi's Real Italian Ice Orange Flavor, Luigi's Real Italian Ice Lemon Flavor, Luigi's Real Italian Ice Blue Raspberry Flavor, and Luigi's Real Italian Ice Watermelon Flavor (collectively, the "Luigi's Real Italian Ice").

2. Each cup of Luigi's Italian Ice contains a uniform etched fill line inside of the cup, to which Defendant fills its Luigi's Italian Ice Products. This etched fill line only allows for 5.5 fluid ounces of Luigi's Italian Ice.

3. Testing confirmed that 6-fluid ounce cups of the Luigi's Real Italian Ice contain an average of only 5.4 to 5.5 fluid ounces of Italian Ice. Defendant is cheating purchasers by providing roughly 8.5 to 9% less Italian Ice than purchasers are paying for. Plaintiffs Orbach and Sego purchased one or more 6-fluid ounce cups of Luigi's Real Italian Ice, which were underfilled, and thus were illegal for sale in the United States.

4. Plaintiffs Orbach and Sego assert claims on behalf of themselves and a nationwide class of purchasers of 6- fluid ounce cups of Luigi's Real Italian Ice, for breach of express warranty, breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose and unjust enrichment. Plaintiff Orbach also asserts claims for violation of New York Gen. Bus. Law §§ 349 and 350. Plaintiff Sego also asserts claims for violation of Massachusetts General Laws Chapter 93A.

## THE PARTIES

5. Plaintiff Martin Orbach is a citizen of New York who resides in Spring Valley, New York. Numerous times throughout the past three years, Plaintiff Orbach has purchased 6-fluid ounce cups of Luigi's Real Italian Ice from grocery and/or convenient stores located in Spring Valley, New York. The Luigi's Real Italian Ice he purchased prominently displayed that the Product contained 6 fluid ounces of Italian Ice. He saw this representation prior to and at the time of purchase, and understood it as a representation and warranty that the product did, in fact, contain 6 fluid ounces of Italian ice. He relied on this representation and warranty in deciding to purchase Luigi's Real Italian Ice and this representation and warranty was part of the basis of the bargain, in that he would not have purchased Luigi's Real Italian Ice if he had known that the product did not, in fact, contain 6 fluid ounces of Italian Ice. However, the Luigi's Real Italian

Ice purchased by Plaintiff Orbach was mislabeled in that it was not contain 6 fluid ounces of Italian Ice.

6. Plaintiff Phillip Sego is a citizen of Massachusetts who resides in Cambridge, Massachusetts. Numerous times throughout the past three years, Plaintiff Sego has purchased 6-fluid ounce cups of Luigi's Real Italian Ice from grocery and/or convenient stores located in Cambridge, Massachusetts. The Luigi's Real Italian Ice he purchased prominently displayed that the Product contained 6 fluid ounces of Italian Ice. He saw this representation prior to and at the time of purchase, and understood it as a representation and warranty that the product did, in fact, contain 6 fluid ounces of Italian ice. He relied on this representation and warranty in deciding to purchase Luigi's Real Italian Ice and this representation and warranty was part of the basis of the bargain, in that he would not have purchased Luigi's Real Italian Ice if he had known that the product did not, in fact, contain 6 fluid ounces of Italian Ice. However, the Luigi's Real Italian Ice purchased by Plaintiff Sego was mislabeled in that it was not contain 6 fluid ounces of Italian Ice.

7. Defendant J&J Snack Foods Corp. is a Delaware corporation with its principal place of business at 6000 Central Highway, Pennsauken, New Jersey 08109. J&J Snack Foods Corp. is engaged in the processing, packaging, and distribution of Luigi's Real Italian Ice. J&J Snack Foods Corp sells Luigi's Real Italian Ice throughout New York and the entire United States.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and Plaintiffs, as well as

most members of the proposed class, are citizens of states different from Defendant. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

9. Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District. Plaintiff Orbach is a citizen of New York, resides in this District, and purchased Luigi's Real Italian Ice from Defendant in this District. Moreover, Defendant distributed, advertised, and sold Luigi's Real Italian Ice, which is the subject of the present complaint, in this District.

## FACTUAL BACKGROUND

10. Luigi's uniformly represents on the front of its packaging that it contains six "6 FL OZ cups," totaling "NET 36 FL OZ" of Italian ice.



11. Likewise, each individual cup of Luigi's represents that it contains "NET 6 FL OZ (177mL)."



12. But this is not true. Each cup of Luigi's Italian Ice contains a uniform etched fill line inside of the cup, to which Defendant fills its Luigi's Italian Ice Products. This etched fill line only allows for 5.5 fluid ounces of Luigi's Italian Ice.

13. Indeed, testing confirmed that Luigi's contains only 5.5 fluid ounces of Italian ice.

## CLASS REPRESENTATION ALLEGATIONS

14. Plaintiffs seek to represent a class defined as all persons in the United States who purchased 6-fluid ounce cups of Luigi's Real Italian Ice (the "Class"). Excluded from the Class are persons who made such purchase for purpose of resale.

15. Plaintiff Orbach also seeks to represent a subclass of all Class members who purchased 6- fluid ounce cups of Luigi's Real Italian Ice in New York (the "New York Subclass").

16. Plaintiff Sego also seeks to represent a subclass of all Class members who purchased 6-fluid ounce cups of Luigi's Real Italian Ice in Massachusetts (the "Massachusetts Subclass").

17. Members of the Class and Subclass are so numerous that their individual joinder herein is impracticable. Upon information and belief, Defendant's annual sales of 6- fluid ounce cups of Luigi's Real Italian Ice are in the tens or hundreds of millions of dollars; thus members of the Class number in the millions and members of the New York Subclass number in the hundreds of thousands. The precise number of Class members and their identities are unknown to Plaintiffs at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third party retailers and vendors.

18. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: whether Defendant underfilled 6-fluid ounce cups of Luigi's Real Italian Ice.

19. The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs purchased one or more underfilled 6-fluid ounce cups of Luigi's Real Italian Ice.

20. Plaintiffs are adequate representatives of the Class and Subclasses because their interests do not conflict with the interests of the Class members they seek to represent, they have

retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiffs and their counsel.

21. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class and Subclass members. Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case. Individualized litigation also presents a potential for inconsistent or contradictory judgments. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

### COUNT I
### (Breach Of Express Warranty)

22. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

23. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and New York and Massachusetts Subclasses against Defendant.

24. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, expressly warranted that Luigi's Real Italian Ice contained 6 fluid ounces of Italian Ice.

25. In fact, 6-fluid ounce cups of Luigi's Real Italian Ice are underfilled and are illegal for sale in the United States.

26. As a direct and proximate cause of Defendant's breach of express warranty, Plaintiffs and Class members have been injured and harmed because (a) they would not have purchased 6- fluid ounce cups of Luigi's Real Italian Ice had they known the cups were underfilled, and (b) they were shorted on the amount of Italian Ice they received because the 6- fluid ounce cups were underfilled.  As a result, Plaintiffs and members of the Class have been damaged either in the full amount of the purchase price of the Luigi's Real Italian Ice or in the difference in value between Luigi's Real Italian Ice as warranted and Luigi's Real Italian Ice as actually sold.

## COUNT II
### (Breach Of Implied Warranty Of Merchantability)

27. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

28. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against Defendant.

29. Defendant, as the designer, manufacturer, marketer, distributor, and/or seller, impliedly warranted that Luigi's Real Italian Ice contained 6 fluid ounces of Italian Ice.

30. Defendant breached the warranty implied in the contract for the sale of Luigi's Real Italian Ice because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, and the goods were unfit for their intended and ordinary purpose because the 6- fluid ounce cups of Luigi's Real Italian Ice were underfilled.  As a result, Plaintiffs and Class members did not receive the goods as impliedly warranted by Defendant to be merchantable.

31. Plaintiffs and Class members purchased Luigi's Real Italian Ice in reliance upon Defendant's skill and judgment and the implied warranties of fitness for the purpose.

32. Luigi's Real Italian Ice was not altered by Plaintiffs or Class members.

33. Luigi's Real Italian Ice was defective when it left the exclusive control of Defendant.

34. Defendant knew that Luigi's Real Italian Ice would be purchased and used without additional testing by Plaintiffs and Class members.

35. Luigi's Real Italian Ice was defectively designed and unfit for its intended purpose, and Plaintiffs and Class members did not receive the goods as warranted.

36. As a direct and proximate cause of Defendant's breach of warranty, Plaintiffs and Class members have been injured and harmed because (a) they would not have purchased 6-fluid ounce cups Luigi's Real Italian Ice had they known the cups were underfilled, and (b) they were shorted on the amount of Italian ice they received because the 6- fluid ounce cups were underfilled.

## COUNT III
**(Unjust Enrichment)**

37. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

38. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class Defendant.

39. Plaintiffs and Class members conferred benefits on Defendant by purchasing Luigi's Real Italian Ice.

40. Defendant has been unjustly enriched in retaining the revenues derived from Plaintiffs and Class members' purchases of Luigi's Real Italian Ice. Retention of those moneys under these circumstances is unjust and inequitable because Defendant's sale of underfilled 6-fluid ounce cups of Luigi's Real Italian Ice was illegal, and resulted in purchasers being denied

9

the full benefit of their purchase because they were shorted on the amount of Italian ice they received.

41.     Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class members is unjust and inequitable, Defendant must pay restitution to Plaintiffs and Class members for its unjust enrichment, as ordered by the Court.

## COUNT IV
### (Deceptive Acts Or Practices, New York Gen. Bus. Law § 349)

42.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

43.     Plaintiff Orbach brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendant.

44.     By the acts and conduct alleged herein, Defendants committed unfair or deceptive acts and practices by misrepresenting that Luigi's Real Italian Ice contained an adequate amount of Italian ice for a 6- fluid ounce cup.

45.     The foregoing deceptive acts and practices were directed at consumers.

46.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of Luigi's Real Italian Ice products to induce consumers to purchase same.

47.     Plaintiff Orbach and members of the Class and New York Subclass were injured because (a) they would not have purchased 6- fluid ounce cups Luigi's Real Italian Ice had they known the cups were underfilled, and (b) they were shorted on the amount of Italian ice they received because the 6- fluid ounce cups were underfilled.

48.     On behalf of themselves and other members of the Class and New York Subclass, Plaintiff Orbach seeks to enjoin the unlawful acts and practices described herein, to recover his

actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## Count V
### (False Advertising, New York Gen. Bus. Law § 350)

49. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

50. Plaintiff Orbach brings this claim individually and on behalf of the members of the proposed New York Subclass.

51. Based on the foregoing, Defendant has engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of the New York General Business Law by misrepresenting the amount of Italian ice contained in Luigi's Real Italian Ice.

52. The foregoing advertising was directed at consumers and was likely to mislead a reasonable consumer acting reasonably under the circumstances.

53. This misrepresentation has resulted in consumer injury or harm to the public interest.

54. Plaintiff Orbach and New York Subclass members were injured as a direct and proximate result of Defendant's violation because (a) they would not have purchased Luigi's Real Italian Ice had they known that it did not contain the amount of Italian Ice as represented, (b) they overpaid for Luigi's Real Italian Ice because it is sold at a price premium when compared to similar products that do not contain this misrepresentation, and (c) Luigi's Real Italian Ice did not have the characteristics, uses, or benefits as promised, namely that it contained 6 fluid ounces of Italian Ice. As a result, Plaintiff and members of the New York Subclass have been damaged either in the full amount of the purchase price of the Luigi's Real Italian Ice or in

the difference in value between Luigi's Real Italian Ice as warranted and Luigi's Real Italian Ice as actually sold.

55. On behalf of himself and other members of the New York Subclass, Plaintiff Orbach seeks to enjoin the unlawful acts and practices described herein, to recover actual damages or five hundred dollars per violation, whichever is greater, three times actual damages and reasonable attorneys' fees.

### COUNT VI
**(Violation of Massachusetts General Law, Chapter 93A, *et. seq.*)**

56. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff Sego brings this claim on behalf of himself and on behalf of all members of the proposed Massachusetts subclass.

58. At all relevant times Defendant was engaged in commerce for purposes of M.G.L. Chapter 93A.

59. M.G.L. Chapter 93A, § 2 provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful." MGL Chapter 93A § 9 permits any consumer injured by a violation of Chapter 93A to bring a civil action, including a class action, for damages and injunctive relief.

60. As alleged more fully herein, Defendant has violated Section 93A by underfilling its 6- fluid ounce cups of Luigi's Real Italian Ice. This conduct is unfair because Defendant misrepresented the amount of Italian ice contained in its 6- fluid ounce cups of Luigi's Real Italian Ice.

61. Pursuant to M.G.L. Chapter 93A § 9, Plaintiff Sego, on behalf of himself and the Massachusetts Subclass, seeks an order enjoining Defendant from continuing to engage in the

unfair and/or deceptive business acts or practices set forth in detail above; and disgorging and restoring all monies that may have been acquired by Defendant as a result of such unfair and/or deceptive acts or practices.

62. On December 1, 2017, a notice letter was sent to Defendant via certified mail, return receipt requested, pursuant to M.G.L. Chapter 93A, § 9, notifying Defendant of its deceptive and/or unlawful conduct and Plaintiffs' intention to bring a class action lawsuit. Defendant received this letter on December 4, 2017. Defendant has failed to make a timely and adequate response.

63. Based on the foregoing, Plaintiff Sego and the other members of the Massachusetts Subclass are entitled to all remedies available under Chapter 93A, including but not limited to actual or statutory damages, whichever is greater, multiple damages, and attorneys' fees and costs.

## COUNT VII
**(Fraud)**

64. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this Complaint.

65. Plaintiffs bring this claim individually and on behalf of the members of the proposed Class, New York Subclass, and Massachusetts Subclass against Defendant.

66. As discussed above, Defendant provided Plaintiffs and Class members with false or misleading material information and failed to disclose material facts about Luigi's Real Italian Ice, including but not limited to the fact that it contains less Italian Ice than what is represented on the Product's packaging. These misrepresentations and omissions were made with knowledge of their falsehood.

67. The misrepresentations and omissions made by Defendant, upon which Plaintiffs and Class members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class members to purchase Luigi's Real Italian Ice.

68. The fraudulent actions of Defendant caused damage to Plaintiffs and Class members, who are entitled to damages and other legal and equitable relief as a result.

## RELIEF DEMANDED

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendant, as follows:

A. For an order certifying the nationwide Class and the Subclasses under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representatives of the Class and Subclasses and Plaintiffs' attorneys as Class Counsel to represent the Class and Subclass members;

B. For an order declaring the Defendant's conduct violates the statutes referenced herein;

C. For an order finding in favor of Plaintiffs, the nationwide Class, and the Subclasses on all counts asserted herein;

D. For compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

E. For prejudgment interest on all amounts awarded;

F. For an order of restitution and all other forms of equitable monetary relief;

G. For injunctive relief as pleaded or as the Court may deem proper; and

H. For an order awarding Plaintiffs and the Class and Subclasses their reasonable attorneys' fees and expenses and costs of suit.

## JURY DEMAND

Plaintiffs demand a trial by jury on all causes of action and issues so triable.

Dated:  January 12, 2018							Respectfully submitted,

**BURSOR & FISHER, P.A.**

By:   */s/ Philip L. Fraietta*

Philip L. Fraietta
Alec M. Leslie
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email:  pfraietta@bursor.com
            aleslie@bursor.com

*Attorneys for Plaintiffs*